UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NATHAN L. HICKS, )
 )
 Petitioner, )
 )
v. ) No. 4:15CV1311 JAR
 )
JAMES HURLEY, )
 )
 Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

### Background

Petitioner was found guilty by a jury of rape and sodomy on September 19, 1991. *See State v. Hicks*, No. 22911-02099-01 (22nd Judicial Circuit, St. Louis City). The Circuit Court for the City of St. Louis sentenced petitioner to life in prison on May 15, 1992. Petitioner appealed his conviction and sentence on May 22, 1992. *See State v. Hicks*, ED62081 (Mo.Ct.App. 1993). The conviction and sentence was affirmed on June 1, 1993. *Id.*

Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254 by placing the current application in the mail on September 4, 2015.

### Discussion

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012); Mo. S. Ct. R. 83.02. Accordingly, petitioner's judgment of conviction became final on June 16, 1993, fifteen days after the Missouri Court of Appeals affirmed his conviction on direct appeal.

As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred, as petitioner's application for writ of habeas corpus was filed more than twenty-two (22) years past the statute of limitations. *See Day v. McDonough*, 126 S. Ct. 1675,

1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 8th day of October, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE