UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATHAN L. HICKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:15CV1311 JAR |
| ) | |
| JAMES HURLEY, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

Before the Court are petitioner's motions for reconsideration of the dismissal of his application for writ of habeas corpus as time-barred. [Doc. #8, #9 and #10.] The motions will be denied.

Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by placing the current application for relief in the mail on September 4, 2015. On October 8, 2015, the Court ordered petitioner to show cause as to why the Court should not dismiss the application for writ of habeas corpus as time-barred. On October 27, 2015, after reviewing petitioner's response to the order to show cause, the Court found that petitioner's arguments for equitable tolling were invalid, and dismissed the action as time-barred.[1]

In petitioner's motions for reconsideration, petitioner expands on his grounds for equitable tolling, asserting that: (1) he is indigent and lacks funds for an attorney; (2) he lacks the legal knowledge to address his claims himself; (3) he failed to make his claims prior to the limitations period because he thought he might be able to make state parole; (4) he was given an

---

[1] It is undisputed that petitioner's judgment became final fifteen days after the court of appeals issued its opinion on direct review on June 1, 1993. *See Gonzalez v. Thaler*, 132 S.Ct. 641 (2012); Mo. S. Ct. R. 83.02. Accordingly, petitioner's judgment of conviction became final on June 16, 1993.

"extreme sentence" despite his lack of prior prison time which he believes illustrates ineffective assistance of his appellate counsel when she failed to address the issue on appeal; and (5) petitioner believes his claim is still accruing because he is still in prison and the "wrong" he perceives is his wrongful imprisonment. Petitioner also requests a certificate of appealability.

None of the aforementioned assertions are grounds for equitable tolling in this case, as noted in the Memorandum and Order issued on October 27, 2015. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

"**Pro se status**, **lack of legal knowledge** or **legal resources**, **confusion about or miscalculations of the limitations period**, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are **inadequate to warrant equitable tolling**." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted) (emphasis added); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). Thus, even petitioner's failure to understand when a claim "accrues" or when the statute of limitations "begins," is inadequate to warrant equitable tolling. *Id.*

Furthermore, petitioner's assertions about what he perceives to be ineffective assistance of his appellate counsel, arguing about the duration of his sentence in his appellate brief, is also insufficient to warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt,* 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument

2

that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed. Appx. 736, 737 (8th Cir. 2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion). Based on the aforementioned, petitioner's motions for reconsideration of the dismissal of this matter must be denied.

Last, the Court will deny petitioner's request for a certificate of appealability. Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motions for reconsideration [Doc. #8, #9 and #10] are **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

Dated this 25th day of November, 2015.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE