UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATHAN L. HICKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:15-CV-1311 JAR |
| | ) |
| JAMES HURLEY, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Plaintiff moves for appointment of counsel in this closed action. He asserts that he is requesting the "use of a public defender attorney" because his application for executive clemency was turned down. After considering the motion and the pleadings, the motion will be denied.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the petitioner has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the petitioner will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the petitioner's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Petitioner was found guilty by a jury of rape and sodomy on September 19, 1991. *See State v. Hicks*, No. 22911-02099-01 (22nd Judicial Circuit, St. Louis City). The Circuit Court for the City of St. Louis sentenced petitioner to life in prison on May 15, 1992. Petitioner appealed his conviction and sentence on May 22, 1992. *See State v. Hicks*, ED62081 (Mo.Ct.App. 1993). The conviction and sentence was affirmed on June 1, 1993. *Id.*

Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254 by placing his application in the mail on September 4, 2015. *Hicks v. Hurley,* No. 4:15-CV-1311 JAR (E.D..Mo). The application for writ was denied as time-barred on October 27, 2015. *Id.* Petitioner failed to appeal the denial of his petition for writ.

It appears that petitioner has exhausted all avenues for relief in this court relative to his state court conviction. Moreover, this is a closed action, and the Court does not appoint counsel to engage in an investigatory process. As such, the Court will deny petitioner's request for appointment of counsel in this closed action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion for appointment of counsel [ECF #15] is **DENIED** without prejudice.

Dated this 14th day of July, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE